IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-34-F

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>LAND ROVER VEHICLES, )<br>SPECIFICALLY DESCRIBED AS: )<br>A 1988 LAND ROVER )<br>VIN: SALLDHAB7BA324873; )<br>A 1984 LAND ROVER )<br>VIN: SALLDVAB7AA291556; )<br>A 1984 LAND ROVER )<br>VIN: SALLDVAB7AA275624; )<br>A 1985 LAND ROVER )<br>VIN: SALLDVAD7AA281708; )<br>A 1987 LAND ROVER )<br>VIN: SALLDHMB7EA324692; )<br>A 1983 LAND ROVER )<br>VIN: SALLDHAG7AA193948; )<br>A 1986 LAND ROVER )<br>VIN: SALLDHAD7BA260816; )<br>A 2000 LAND ROVER )<br>VIN: SALLDHAG7AA193941; )<br>A 1986 LAND ROVER )<br>VIN: SALLDHHB7BA285727; )<br>A 1986 LAND ROVER )<br>VIN: SALLDVAV7AA295261; )<br>A 1986 LAND ROVER )<br>VIN: SALLDVAB7AA310895; )<br>A 1987 LAND ROVER )<br>VIN: SALLDHMB7BA300302; )<br>A 1987 LAND ROVER )<br>VIN: SALLDHMV7EA336425; )<br>A 2000 LAND ROVER )<br>VIN: SALLDHAG7AA189401; )<br>A 1987 LAND ROVER )<br>VIN: SALLDHMB7EA322818; )<br>A 1987 LAND ROVER )<br>VIN: SALLDHMB7EA327618; ) | **SECOND AMENDED COMPLAINT**<br>**FOR FORFEITURE <u>IN</u> <u>REM</u>** |

1

```
A 2000 LAND ROVER              )
VIN: SALLDHMH7AA184735;        )
A 1985 LAND ROVER              )
VIN: SALLDHMC7BA258911;        )
A 1985 LAND ROVER              )
VIN: SALLDHMB7BA275080;        )
A 2000 LAND ROVER              )
VIN: SALLDHHV1AA199927;        )
A 1985 LAND ROVER              )
VIN: SALLDHAV7BA246833;        )
A 1984 LAND ROVER              )
VIN: SALLDVAC8AA264271;        )
A 1984 LAND ROVER              )
VIN: SALLDVAD7AA253941;        )
A 1985 LAND ROVER              )
VIN: SALLDVAC7AA229260;        )
A 1984 LAND ROVER              )
VIN: SALLDVAC7AA247548;        )
A 1985 LAND ROVER              )
VIN: SALLDHAD7BA248040;        )
A 1984 LAND ROVER              )
VIN: SALLDVAH7AA235483;        )
A 1985 LAND ROVER              )
VIN: SALLDHHV7BA241033;        )
A 1985 LAND ROVER              )
VIN: SALLDHMVBA236398;         )
A 1984 LAND ROVER              )
VIN: SALLDVAB7AA275628;        )
A 1987 LAND ROVER              )
VIN: SALLDHMV7BA301364;        )
A 1987 LAND ROVER              )
VIN: SALLDHMV7EA323114;        )
A 1987 LAND ROVER              )
VIN: SALLDHMV7BA313116;        )
A 1987 LAND ROVER              )
VIN: SALLDHMB7EA318298;        )
A 1987 LAND ROVER              )
VIN: SALLDHMB7EA317320;        )
A 1985 LAND ROVER              )
VIN: SALLDHMV7BA308663;        )
A 1986 LAND ROVER              )
VIN: SALLDHMB7BA283341;        )
A 1984 LAND ROVER              )
VIN: SALLDVAB7AA293453;        )
```

| | |
|---|---|
| A 1984 LAND ROVER | ) |
| VIN: SALLDVAC7AA244441; | ) |
| A 2000 LAND ROVER | ) |
| VIN: SALLDHAG777197707, | ) |
| AND ANY AND ALL ATTACHMENTS | ) |
| THEREON; AND ANY AND ALL | ) |
| PROCEEDS FROM THE SALE OF SAID | ) |
| PROPERTY, | ) |
| | ) |
| Defendants. | ) |

The United States of America, by the United States Attorney for the Eastern District of North Carolina, states as follows:

1. This is a civil action *in rem* also brought to enforce the provisions of 19 U.S.C. § 1595a(c)(2)(A) providing for the forfeiture of property imported into the United States contrary to laws relating to health, safety, or conservation.

2. This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a). The Court has in rem jurisdiction by virtue of 28 U.S.C. § 1355(b)(1)(A). Venue in this district is proper by virtue of 28 U.S.C. § 1395(a).

3. The defendants are not currently in the custody of the United States but are located in several counties within the State of North Carolina, in the Eastern District of North Carolina, and in other judicial districts at locations known to law enforcement officials.

3

4. The facts and circumstances supporting the seizure and forfeiture of the defendants are contained in Attachment A, Declaration of Christopher M. Feldman, Special Agent, U. S. Department of Homeland Security Investigations.

5. The titled owners of the defendant vehicles are listed in Attachment B.

6. The defendants are forfeitable to the United States pursuant to 19 U.S.C. § 1595a(c)(2)(A).

WHEREFORE, in accordance with Supplemental Rule G(3)(b)(ii), the plaintiff requests that the Court make a finding of probable cause and direct the Clerk to issue a warrant of arrest <u>in rem</u> for the defendants; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendants be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 24th day of April, 2014.

THOMAS G. WALKER
United States Attorney

BY: /s/ Stephen A. West
STEPHEN A. WEST
Assistant United States Attorney
Attorney for Plaintiff
Civil Division
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: steve.west@usdoj.gov
NC State Bar No. 12586

VERIFICATION

I, Stephen A. West, Assistant United States Attorney for the Eastern District of North Carolina, declare under penalty of perjury, as provided by 28 U.S.C. Section 1746, the following:

That the foregoing Second Amended Complaint for Forfeiture is based on reports and information furnished to me by Special Agent Christopher M. Feldman, U. S. Department of Homeland Security Investigations and to the best of my information and belief, is true and correct.

This the 24th day of April, 2014.

/s/ Stephen A. West
STEPHEN A. WEST
Assistant United States Attorney
Civil Division

5

# DECLARATION

I, Christopher M. Feldman, hereby declare and state as follows:

1. I am a Special Agent (S/A) with Homeland Security Investigations (HSI), and have been employed in that capacity for approximately eight years. I am assigned to the HSI Office of the Resident Agent in Charge Wilmington, North Carolina and my duties include investigating violations of Titles 8, 18, 19, 21 and 31 of the United States Code, including the entry of goods into the United States by means of false statements.

2. I make this affidavit in support of an application for a warrant of arrest in rem for 40 Land Rover Vehicles (hereinafter "THE VEHICLES"), where there is probable cause to believe THE VEHICLES were illegally imported and subject to seizure and forfeiture under 19 U.S.C. Section 1595a(c)(2)(A)( Importation, removal, etc. contrary to laws of United States).

3. I have received information and facts from other agents with knowledge and experience in the investigation of the importation of vehicles that do not comply with the environmental protection laws of the United States ("non-compliant vehicles") and who have prepared and participated in the execution of a number of search warrants, including warrants relating to the illegal importation of "non-compliant vehicles" into the United States.

4. Because this affidavit is being submitted for the limited purpose of securing a warrant of arrest, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that violations of federal criminal laws relating to the illegal importation of motor vehicles have occurred,: specifically, 18 U.S.C. §§ 542 and 545, and that THE VEHICLES were illegally imported by Patterson Auto Sales and Aaron Richardet (hereinafter "RICHARDET") and, therefore, THE VEHICLES are subject to seizure and forfeiture under 19 U.S.C. Section 1595a(c)(2)(A)( Importation, removal, etc. contrary to laws of United States).

1

5. The information contained in this affidavit is based upon my own knowledge and experience, evidence I have gathered while conducting the investigation, and information I have received from other federal law enforcement agents.

## PURPOSE OF AFFIDAVIT

6. This affidavit is made in support of an application for a warrant of arrest in rem for the following vehicles:

See Attachment "B"

7. THE VEHICLES in attachment "B" are subject to seizure pursuant to 19 U.S.C. Section 1595a(c)(2)(A) on the ground that there is probable cause to believe THE VEHICLES were imported into the United States pursuant to violation of laws relating to health, safety, or conservation, including regulations of the Environmental Protection Agency (EPA) as dictated by the Clean Air Act (CAA) and regulations of the National Highway Transportation Safety Administration (NHTSA) as dictated by the Federal Motor Vehicle Safety Standards (FMVSS).

## Case Background

8. On September 7, 2012, two Land Rover motor vehicles, a black 4 door, vehicle identification number (VIN) SALLDHMD7BA256478 ("VEHICLE #1"), and a grey 4 door, VIN SALLDHAG7AA195267 ("VEHICLE #2"), were presented to RICHARDET for importation at the port of Wilmington, North Carolina. VEHICLE #1 and VEHICLE #2 were represented to be in their originally manufactured condition. According to the entry documents submitted by RICHARDET's brokers, Waters Shipping and Richard Rooks, VEHICLE #1 was a

1986 Defender 110 Land Rover and VEHICLE #2 was a 1983 Defender 110 Land Rover. Upon initial inspection by CBP Officer Staples, it was noticed that the frames on both vehicles were galvanized and both vehicles had rear disc brakes, not being consistent with the stated manufacturing year of the vehicles. The entry documents presented to CBP show the importer of record as Patterson Auto Sales with RICHARDET acting as its agent.

9. CBP forwarded photographs and serialized components of VEHICLE #1 and VEHICLE #2 to the U.S. Department of Transportation (DOT) for further examination. DOT in turn consulted with Land Rover North America who determined VEHICLE #1 and VEHICLE #2 were not in their original factory condition, making them, therefore, ineligible for importation. Specifically, Land Rover determined the following:

I. <u>VEHICLE #1</u>: (a) VIN SALLDHMD7BA256478 was assigned to a Land Rover Defender 110 Station Wagon, color Venetian red, with a 2.5 ltr 4 Cylinder gasoline engine, built at Land Rover's Solihull manufacturing plant on the 21st of March 1986, was dispatched to Caffyns Ldt, Eastbourne, UK, and it was sold on the 4th of July 1986; (b) the VIN stamping on the chassis had no asterisks at either end to start/close the VIN, which is incorrect for a vehicle manufactured at Land Rover's Solihull manufacturing facility; (c) the chassis was galvanized and Land Rover has not manufactured Defender vehicles with a galvanized chassis; (d) the engine was a 2.5 TDi 5 Cylinder (Storm) engine, manufactured from 1997 to 2007, which cannot be retro fitted into a 1986 Defender Station wagon chassis; (e) the vehicle color does not match the original Venetian red; (f) a number of interior and exterior features were not introduced into production until significantly later model years, such as the rear fog and exterior side

3

indicator lights and fascia switches; and (g) the chassis is of a Land Rover Defender 110 Td5 Diesel Engine (Storm) that was built in 2006.

II. <u>VEHICLE #2</u>: (a) VIN SALLDHAG7AA195267 was assigned to a left hand drive Land Rover Defender 90; however, this vehicle was a right hand drive Land Rover Defender 110; (b) the VIN plate was not affixed at the Land Rover's Solihull manufacturing plant as the stamping character sizes are too large and there is no start or end asterisks at the beginning or end of the stamping, and the rivets used to fix the VIN plate to the vehicle was not consistent of those used at Land Rover's Solihull manufacturing plant; (c) the chassis is galvanized and Land Rover has not manufactured Defender vehicles with a galvanized chassis; (d) the vehicle color does not match the original Rutland red; (e) some interior and exterior features such as the fascia were not introduced into production until 2003 onwards; (f) the photographs show disk brakes on the rear axle which would not have been fitted to a Land Rover Defender vehicle in 1986; (g) the transfer box number was originally outfitted to a 2004 Land Rover Defender 110 vehicle assigned with a different VIN; and (h) this vehicle is at least a 2003 model year.

10. On September 17, 2012, RICHARDET's broker, Richard Rooks, forwarded an e-mail to CBP sent by RICHARDET from draaronr@gmail.com suggesting RICHARDET had knowledge of modifications on VEHICLE #1 and VEHICLE #2. RICHARDET stated in the e-mail:

> "Was digging around and I think he's checking into see if they match the age. It's important for officer Staples to know. The Truck was taken down to the frame. It

4

was sand blasted then galvanized to prevent rust. The doors are prone to rust are scrapped and swapped out for newer ones. The old dashes have been out of production since 2004 so the newer dash is used if the old one is bad. The restoration shops try to make modifications and upgrades to the trucks to make them safer and more user friendly. Just like restoring an old camero old parts get junked and newer go one. I hope he will see that. All those parts are available from land rover and the truck has changed so little you can bolt them right on. As always I am available to discuss."

## Importation of Goods into the United States and
## Vehicles Exempt from Environmental and Safety Regulations

11. Generally, when a shipment of goods reaches the United States, the importer of record files entry documents for the goods with the port director at the goods' port of entry. Imported goods are not legally entered until after the shipment has arrived within the port of entry, delivery of the merchandise has been authorized by Customs & Border Protection (CBP), and estimated duties have been paid. It is the importer of record's responsibility to arrange for examination and release of the goods. Within 15 calendar days of the date that a shipment arrives at a port of entry, the following documents must be filed at a location specified by the port director: (a) Entry Manifest (CBP Form 7533) or Application and Special Permit for Immediate Delivery (CBP Form 3461) or other form of merchandise release required by the port director; (b) evidence of right to make entry, commercial invoice, or a pro forma invoice when the

5

commercial invoice cannot be produced; (c) packing lists, if appropriate; and (d) other documents necessary to determine merchandise admissibility.

12. The importation of motor vehicles is subject to rigorous requirements. Imported motor vehicles are subject to safety standards under the Motor Vehicle Safety Act of 1966, revised under the Imported Vehicle Safety Compliance Act of 1988; to bumper standards under the Motor Vehicle Information and Cost Savings Act of 1972, which became effective in 1978; and to air pollution control standards under the Clean Air Act of 1968, as amended in 1977 and 1990. If vehicles manufactured abroad conform to U.S. safety, bumper, and emission standards, it is because these vehicles are exported for sale in the United States. Therefore, it is unlikely that a vehicle obtained abroad meets all relevant standards and can be legally imported into the United States. Both the Environmental Protection Agency (EPA) and DOT advise that although a nonconforming vehicle may be conditionally admitted, the modification required to bring it into compliance may be so extensive and costly that it may be impractical and even impossible to achieve such compliance.

13. However, classic or antique vehicles are exempt from the safety requirements and pollution regulations enforced by EPA and DOT. If the imported vehicle is at least 21 years old, there are no EPA compliance requirements upon importation, and if the vehicle is at least 25 years old, there are no DOT safety compliance requirements and the vehicle can be legally imported. The age of the imported vehicle is determined by subtracting the calendar date of manufacture from the calendar date of importation. If the calendar date of manufacture is unavailable, the importer may substitute the calendar date the vehicle was first sold or a

6

registration document showing that the vehicle was registered at least 25 years ago. Absent such information, a statement from a recognized vehicle historical society identifying the age of the vehicle could be used. For instance, if the vehicles calendar date of manufacture was May 5, 2012, to qualify in 2012 for avoiding EPA requirements, the vehicle must have been manufactured May 5, 1991 or earlier; and for avoiding EPA as well as DOT requirements, the vehicle must have been manufactured on or before May 5, 1987. The importer must demonstrate to CBP that the vehicle or engine was manufactured prior to the qualifying date. Documents such as a title or document from the original manufacturer may be used for this purpose.

14. Upon entry, the vehicle importer must submit to CBP EPA form 3520-1 (titled "Declaration Form – Importation of Motor Vehicles and Motor Vehicle Engines Subject to Federal Air Pollution Regulations") and, if the vehicle is at least 21 years old, declare code "E" on that form. Code "E" states "Vehicles at least twenty one years old (calendar date of manufacture subtracted from date of importation) and in original unmodified configuration is either exempted or excluded from EPA emission requirements, depending on age. Vehicles at least 21 years old with replacement engines are not eligible for this exemption unless they contain equivalent or newer EPA certified engines. Customs may require proof of vehicle age."[1] Above the importer's signature, EPA form 3520-1 states, in pertinent, part "I certify that I have read and understand the purpose of this form, the penalties for falsely declaring information, or for providing misleading information, or for concealing a material fact."

---

[1] See also 40 CFR 1068.315 ("[Y]ou may import nonconforming engines/equipment that are subject to a standard-setting part and were first manufactured at least 21 years earlier, as long as they are still in their original configurations.").

7

15. The vehicle importer is also required to submit DOT form HS-7 (titled "Declaration - Importation of Motor Vehicles and Motor Vehicle Equipment Subject to Federal Motor Vehicle Safety, Bumper and Theft Prevention Standards"). If the car is at least 25 years old, it is exempt from DOT safety requirements and can be imported into the United States.[2] The importer must check the box 1 on DOT form HS-7 and indicate the date of manufacture.

Patterson Auto Sales

16. Patterson Auto Sales, a business corporation, is licensed in the state of North Carolina to conduct business as a retail vehicle dealership. The business was incorporated on January 5, 2000 in the state of North Carolina. According to documents filed with the North Carolina Secretary of State (NCSOS), Jay Patterson is the President and Charlotte Patterson is the Secretary of the company. Per NCSOS, their mailing address is listed as 7235 Market Street, Wilmington, NC 28411.

17. According to CBP records, Patterson Auto Sales is a registered importer, assigned importer number 56-219132600, and lists their address as 7235 Market Street, Wilmington, NC 28411. According to the North Carolina Division of Motor Vehicles (NCDMV), Patterson Auto Sales lists RICHARDET as a sales agent for the company.

18. According to CBP records, Patterson Auto Sales has made over 180 vehicle

---

[2] "No person shall import a motor vehicle or item of motor vehicle equipment into the United States unless, at the time it is offered for importation, its importer files a declaration, in duplicate, which declares one of the following: . . . (i)(1) The vehicle is 25 or more years old. (2) The equipment item was manufactured on a date when no applicable safety or theft prevention standard was in effect." 49 CFR 591.5.

8

importations into the Wilmington, NC seaport in which RICHARDET is the listed agent. When an importation is made to CBP by Patterson Auto Sales, their broker files on their behalf CBP form 7533, CBP Form 3461, EPA form 3520-1, and DOT form HS-7.

## Probable Cause

19. On or about October 25, 2012, I consulted with the Clint Lindsey from the Import and Certification division within the Department of National Highway Traffic Safety Administration (NHTSA), sending a list of 110 vehicles that were imported into the Wilmington, NC seaport by Patterson Auto Sales and its agent RICHARDET. NHTSA forwarded the list of 110 vehicles to John Kobylarz, safety compliance manger, Jaguar Land Rover North America for analysis. The list contained the VIN numbers for the vehicles that were imported and requested Land Rover North America to identify the date of production of the vehicle, engine number and type, transmission number, model number and year, rear axle number, transfer box number, original color of vehicle, country where manufactured, and the country to which the vehicle was first delivered. Three additional questions were asked for each vehicle: (a) state whether the vehicle was manufactured to comply with all applicable federal motor vehicle safety standards (FMVSS) of the United States; (b) state whether the original manufacturer affixed to the vehicle a label certifying that the vehicle complied with all applicable FMVSS; and (c) state whether the vehicle was manufactured to comply with U.S. emissions standards.

20. On or about January 23, 2013, the list was returned by Kobylarz with the information requested. Lindsey in turn took the list and added 3 additional vehicles that were imported into the Wilmington, NC seaport, making the total 114 vehicles. In reviewing the list,

51 of the vehicles that RICHARDET and Patterson Auto Sales imported into Wilmington, NC seaport were not eligible to be imported into the United States under the 25 year rule because the production date of the vehicle and the importation date were less than 25 years. Research was conducted through multiple State Division of Motor Vehicle databases which yielded the last known location of THE VEHICLES from the 51 identified as being imported prior to obtaining 25 years of age. *See* Table 1 below. According to Jaguar Land Rover North America, none of the 110 vehicles were manufactured to comply with the applicable FMVSS standards of the United States, nor did the manufacturer affix to the vehicles a label certifying that the vehicles complied with all applicable FMVSS, nor did the vehicles comply with U.S. emissions standards.

21. On March 25, 2013, HSI Wilmington executed a federal search warrant at Patterson Auto Sales for records related to the importation of vehicles. Upon reviewing the importation and sales records for Patterson Auto Sales, each separate vehicle file contained to whom the vehicle was sold to, the HS-7, EPA-3520-1, LT-270 among other various documents. When reviewing these documents for THE VEHICLES, RICHARDET either claimed an earlier date of manufacture or registration on the EPA and DOT forms, making it appear the vehicle was 25 years old or claimed the correct calendar date of manufacture or registration but imported THE VEHICLES prior to THE VEHICLES obtaining 25 years of age. *See* Table 1 below.

## Table 1

| Entry No. | Date | Age of Vehicle | Vehicle Identification Number | Model Year Claimed | Date of Production | Date of First Registration |
|---|---|---|---|---|---|---|
| 704/01272540 | 8/16/2012 | 24 | SALLDHAB7BA324873 | 1987 | 5/9/1988 | 4/19/1988 |
| 704/01275055 | 11/08/2012 | 24 | SALLDHMB7EA332529 | 1987 | 5/12/1988 | |
| 704/01273456 | 9/14/2012 | 6 | SALLDHMD7BA256478 | 1983 | 3/21/1986 BUT 2006 or newer | 7/09/186 |
| 704/01273456 | 9/14/2012 | 9 | SALLDHAG7AA195267 | 1986 | 4/11/2000 BUT 2003 or newer | 7/20/1983 |
| 704/01273043 | 08/09/2012 | 24 | SALLDHMB7EA317320 | 1987 | 12/8/1987 | |
| 704/01261204 | 6/9/2011 | 24 | SALLDVAB7AA291556 | 1984 | 4/22/1987 | 5/14/1987 |
| 704/01261204 | 06/09/2011 | 24 | SALLDVAB7AA275624 | 1984 | 11/4/1986 | 4/13/1987 |
| 704/01261675 | 06/30/2011 | 24 | SALLDVAB7AA293453 | 1984 | 4/28/1987 | |
| 704/01262962 | 08/17/2011 | 24 | SALLDHMB7BA283341 | 1986 | 2/4/1987 | 3/9/1987 |
| 704/01264265 | 10/13/2011 | 24 | SALLDVAD7AA281708 | 1984 | 2/12/1987 | 1/3/1987 |
| 704/01273985 | 10/10/2012 | 24 | SALLDHMB7EA324692 | 1987 | 1/27/1988 | 2/9/1988 |
| 704/01266807 | 01/19/2012 | 11 | SALLDHAG7AA193948 | 1983 | 3/27/2000 | 9/27/1983 |
| 704/01252773 | 07/19/2010 | 23 | SALLDHAD7BA277352 | 1985 | 11/26/1986 | 1/10/1987 |
| 704/01255461 | 11/10/2010 | 23 | SALLDHMV7BA308663 | 1985 | 10/5/1987 | 11/1/1987 |
| 704/01257079 | 01/13/2011 | 24 | SALLDHMC7AA263571 | 1986 | 5/23/1986 | 8/1/1986 |
| 704/01259521 | 04/07/2011 | 24 | SALLDHAD7BA260816 | 1986 | 5/13/1986 | 7/1/1986 |
| 704/01259653 | 04/12/2011 | 11 | SALLDHAG7AA193941 | 1983 | 3/24/2000 | 9/3/1983 |
| 704/01257269 | 07/13/2011 | 24 | SALLDHHB7BA285727 | 1986 | 2/11/1987 | 4/15/1987 |
| 704/01257269 | 07/13/2011 | 11 | SALLDHAG7AA192361 | 1983 | 3/8/2000 | |
| 704/01265411 | 12/01/2011 | 24 | SALLDVAV7AA295261 | 1986 | 5/22/1987 | 6/5/1987 |
| 704/01265411 | 12/01/2011 | 24 | SALLDVAB7AA310895 | 1986 | 10/29/1987 | 11/11/1987 |
| 704/01268399 | 04/03/2012 | 24 | SALLDHMB7BA300302 | 1987 | 7/7/1987 | 10/1/1987 |
| 704/01268845 | 04/18/2012 | 24 | SALLDHMB7EA318298 | 1987 | 12/31/1987 | 1/19/1988 |
| 704/01268845 | 04/18/2012 | 24 | SALLDHMV7BA313116 | 1987 | 11/23/1987 | |
| 704/01269488 | 05/07/2012 | 24 | SALLDHMV7EA323114 | 1987 | 2/10/1988 | |
| 704/01269488 | 05/07/2012 | 24 | SALLDHMV7BA301364 | 1987 | 8/13/1987 | |
| 704/01269496 | 05/07/2012 | 23 | SALLDHMV7EA336425 | 1987 | 6/27/1988 | 7/15/1988 |
| 704/01269975 | 05/16/2012 | 12 | SALLDHAG7AA189401 | 1983 | 1/27/2000 | |
| 704/01271906 | 07/26/2012 | 24 | SALLDHAC7BA303629 | 1987 | 8/11/1987 | |
| 704/01273043 | 08/09/2012 | 24 | SALLDHMB7EA317320 | 1987 | 12/8/1987 | |
| 704/01272722 | 08/24/2012 | 24 | SALLDHMB7EA322818 | 1987 | 1/18/1988 | 3/1/1988 |
| 704/01272730 | 08/24/2012 | 24 | SALLDHMB7EA327618 | 1987 | 4/12/1988 | 4/21/1988 |
| 704/01273290 | 09/06/2012 | 12 | SALLDHMV1AA199886 | 1983 | 6/26/2000 | |
| 704/01273290 | 09/06/2012 | 12 | SALLDHMH7AA184735 | 1983 | 11/17/1999 | |
| 704/01251668 | 06/24/2010 | 24 | SALLDHMC7BA258911 | 1985 | 4/21/1986 | 5/9/1986 |
| 704/01252039 | 07/09/2010 | 23 | SALLDHMB7BA275080 | 1985 | 11/6/1986 | 1/6/1987 |
| 704/01252773 | 07/19/2010 | 10 | SALLDHHV1AA199927 | 1984 | 6/28/2000 | 2/9/1984 |
| 704/01254084 | 09/23/2010 | 24 | SALLDHAV7BA246833 | 1985 | 10/8/1985 | 11/1/1985 |

11

| 704/01256915 | 02/24/2011 | 24 | SALLDVAC8AA264271 | 1984 | 6/27/1986 | 4/12/1995 |
|---|---|---|---|---|---|---|
| 704/01246684 | 12/17/2009 | 24 | SALLDVAD7AA253941 | 1984 | 2/21/1986 | 3/13/1986 |
| 704/01246684 | 12/17/2009 | 24 | SALLDVAC7AA229260 | 1984 | 12/31/1984 | 1/18/1985 |
| 704/01246684 | 12/17/2009 | 24 | SALLDVAC7AA247548 | 1984 | 10/7/1985 | 11/5/1985 |
| 704/01247096 | 12/22/2009 | 24 | SALLDVAC7AA244441 | 1984 | 8/27/1985 | 9/18/1985 |
| 704/01247690 | 01/28/2010 | 24 | SALLDHAD7BA248040 | 1985 | 10/14/1985 | |
| 704/01249332 | 03/11/2010 | 24 | SALLDVAH7AA235483 | 1985 | 3/28/1985 | 5/1/1985 |
| 704/01249324 | 03/11/2010 | 24 | SALLDHHV7BA241033 | 1985 | 7/5/1985 | 7/12/1985 |
| 704/01249332 | 03/11/2010 | 24 | SALLDHMV7BA236398 | | 4/17/1985 | |
| 704/01249332 | 03/11/2010 | 23 | SALLDVAB7AA275628 | 1984 | 11/6/1986 | 11/25/1986 |
| 704/01249936 | 04/01/2010 | 24 | SALLDHAC7BA251405 | 1985 | 12/5/1985 | 12/1/2004 |
| 704/01244663 | 09/11/2009 | 24 | SALLDVAC7AA225835 | 1984 | 11/3/1984 | |
| 704/01275055 | 11/08/2012 | 24 | SALLDHMB7EA332529 | 1987 | 5/12/1988 | 6/22/1988 |
| 704/01269975 | 05/16/2012 | 11 | SALLDHAG777197707 | 1987 | 9/8/2000 | 2000 |

22. In summary, RICHARDET imported THE VEHICLES into the United States by either claiming an earlier date of manufacture or registration on the EPA and DOT forms, making it appear THE VEHICLES were 25 years old, or claimed the correct calendar date of manufacture or registration but imported THE VEHICLES prior to THE VEHICLES obtaining 25 years of age. THE VEHICLES of which seizure is sought are located in and out of the Eastern District of North Carolina, as stated in Attachment B to this Declaration.

[remainder of page intentionally left blank]

## Conclusion

23. Based on the forgoing, I request that the Court issue the proposed warrant of arrest in rem. THE VEHICLES are, by their very nature, contraband and, thus, subject to seizure. I also request the court to grant law enforcement to enter upon the curtilage of where the vehicles are located in order to retrieve THE VEHICLES and execute the warrant of arrest in rem. The evidence set out above establishes probable cause to believe that THE VEHICLES are subject to seizure and forfeiture pursuant to Title 19 U.S.C. Section 1595a(c)(2)(A)( Importation, removal, etc. contrary to laws of United States) on the grounds that THE VEHICLES were imported into the United States in violation of laws relating to health, safety, or conservation, including EPA regulations as dictated by the Clean Air Act and NHTSA regulations as dictated by the FMVSS.

I declare under penalty of perjury that the foregoing is true and correct.

4/24/2014
Date

Christopher M. Feldman
Special Agent
Homeland Security Investigations

13

## Attachment B

| Vehicle Identification Number | Year | Reg State | Most recent Owner | Recent Owner Address |
|---|---|---|---|---|
| SALLDHAB7BA324873 | 1988 | FL | Timothy John Anglim | 561 Carlos Cirlce, Fort Myers Beach, FL 33931 |
| SALLDVAB7AA291556 | 1984 | RI | CUNNINGHAM, SEAN T. | 14 Greene St, N. Smithfield, RI 02896 |
| SALLDVAB7AA275624 | 1984 | NC | PATHAK, MATTHEW K. | 5061 Waterford Dr, Fayetteville, NC 28303 |
| SALLDVAD7AA281708 | 1985 | GA | HOWARD, KEVIN R. | 1821 Wildwood Ave, Apt A, Columbus, GA 31906 |
| SALLDHMB7EA324692 | 1987 | FL | Fabiano Vivacqua Jr. | 1306 Castile Ave., Coral Gables, FL 33134 |
| SALLDHAG7AA193948 | 1983 | FL | GRAIN DAVID J. | 13232 Palmers Creek Ter, Lakewood Ranch, FL 34202 |
| SALLDHAD7BA260816 | 1986 | NJ | KOSCIOLEK, NICHOLAS J. | 39 Wellington Dr, Long Valley, NJ 07853 |
| SALLDHAG7AA193941 | 2000 | TX | PETERSON, DALLIS C. | PO Box 745, Martindale, TX 78655 |
| SALLDHHB7BA285727 | 1986 | FL | HITCHINGS, BRIAN S. | 2485 The Woods Dr E., Jacksonville, FL 32246 |
| SALLDVAV7AA295261 | 1986 | FL | COPELAND, DAMON E. | 327 Avenue A, Melbourne, FL, 32951 |
| SALLDVAB7AA310895 | 1986 | NC | SHAMEL, TEREMUURA T. | 214 Chesapeake Rd, Cameron, NC 28326 |
| SALLDHMB7BA300302 | 1987 | AL | Jack Criswell | 2442 Vale Dr., Birmingham, AL 35244 |
| SALLDHMV7EA336425 | 1987 | MN | ANDERSON, ROBERT L. | 1800 Englewood Ave, Apt. 2, Saint Paul, MN 55104 |
| SALLDHAG7AA189401 | 2000 | NY | MINCHER, MAXWELL J. | 186 Geyser Rd, Saratoga Springs, NY 12866 |
| SALLDHMB7EA322818 | 1987 | NC | RUTHERFORD, DAVID B. | 18 Wyntree Dr, Asheville, NC 28803 |
| SALLDHMB7EA327618 | 1987 | NY | LIWUSH, RICHARD C. | 5625 Pease Rd, Williamson, NY 14589 |
| SALLDHMH7AA184735 | 2000 | NC | Wake Forest Awards & Engraving | 2012 South Main Street # 506, Wake Forest, NC 27587 |
| SALLDHMC7BA258911 | 1985 | MI | Kevin Gerard Jackson | 2801 Bowen Rd., Howell, MI 48855 |
| SALLDHMB7BA275080 | 1985 | CA | Michael Scott Miller | 5 Jenny Lane Ladera Ranch, CA 92694 |
| SALLDHHV1AA199927 | 2000 | GA | THIRAC SENG KUOCH | 4928 STRATFORD MILL CT, Lithonia, GA 30038 |
| SALLDHAV7BA246833 | 1985 | TX | FORMAN, ADAM SMITH | 2129 Del Monte Dr, Houston, TX 77019 |
| SALLDVAC8AA264271 | 1984 | FL | COLLINS, JULIUS WILLIAM | 405 Green Arbor Dr, Brandon, FL 33511 |
| SALLDVAD7AA253941 | 1984 | SC | GREENE, MARK E. | 2827 Old Lexington Hwy, Chapin, SC 29036 |
| SALLDVAC7AA229260 | 1985 | MA | PEREZ, ANTHONY J. | 39 Montgomery Ave, Worcester, MA 01604 |
| SALLDVAC7AA247548 | 1984 | MA | BENWAY, CHRISTOPHER J. BENWAY, CAROLYN J. | 57 Grand Oak Rd, Forestdale, MA 02644 |
| SALLDHAD7BA248040 | 1985 | NC | HACKLEY, ADAM DAVID | 405 Wild Cherry Ln, Emerald Isle, NC 28594 |
| SALLDVAH7AA235483 | 1984 | IL | KREJCI, JASON | 27156 N. Williams Park Rd, Wauconda, IL 60084 |
| SALLDHHV7BA241033 | 1985 | NC | NOWLAND, RICKY D. | 11606 Stonefield Way, Unit 103, Louisville, KY 40291 |
| SALLDHMVBA236398 | 1985 | GA | BYERS, JAMES M. | 804 Harmony Rd, Eatonton, GA 31024 |
| SALLDVAB7AA275628 | 1984 | NY | OLIVERIO, MICHAEL D. | 4 Willetts Rd, Mount Kisco, NY 10549 |
| SALLDHMV7BA301364 | 1987 | MO | Dean Kirkwood INC, | 10205 Manchester Road, St. Louis MO 63122 |
| SALLDHMV7EA323114 | 1987 | CA | Stavros, George | 16832 Marina Bay Dr., Huntingbeach, 92649 |
| SALLDHMV7BA313116 | 1987 | CA | Beheshti, Morteza | 18450 bernardo Trails Dr., San Diego, CA 92128 |
| SALLDHMB7EA318298 | 1987 | VA | Rutherford, Travis | 4117 Maple St., Fairfax, VA 22030 |
| SALLDHMB7EA317320 | 1987 | CO | Tracy Ann Hart | 13815 Krameria St., Thorton, CO 80602 |
| SALLDHMV7BA308663 | 1985 | DE | Danilo Salameda | 12 Pheasants Ridge N., Greenville, DE 19807 |
| SALLDHMB7BA283341 | 1986 | WA | Michael Allan Roediger | 2007 S. 84thAve., Yakima, WA 98903 |
| SALLDVAB7AA293453 | 1984 | AZ | Robert John Woodward | 2035 S. Elm St., #237 Tempe, AZ 85282 |
| SALLDVAC7AA244441 | 1984 | PA | Michael Nemeth | 328 N. 39th St., Philadelphia, PA 19104 |
| SALLDHAG777197707 | 2000 | GA | Kevin Kleinhelter | 147 Huntington Road NE, Atlanta GA 30309 |

14