IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-34-F

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| LAND ROVER VEHICLES, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on a Motion to Dismiss or, Alternatively, Motion for Partial Summary Judgment filed by Claimants Rob Anderson et al.[1] [DE-46], Claimants Josh Alonzo et al.[2] [DE-68], Mark Greene [DE-79], and Kevin Gerard Jackson [DE-96]; as well as on Claimant Adam S. Forman's Motion to Dismiss [DE-53].[3] The matters have been fully briefed and are ripe for ruling. For the reasons stated herein, the motions are DENIED.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This matter arises out of the seizure of around fifty Land Rover motor vehicles after their alleged illegal importation. *See* Second Amended Complaint for Forfeiture *In Rem* [DE-9]

---

[1] The other moving claimants include Timothy J. Anglim, Morteza Behsthi, Chris & Carolyn Benway, Jennifer S. & Dennis W. Brinkley, Jack Criswell, Sean T. Cunningham, U-go Motorwerks, Inc. & Benjamin Hancock, Scott Hitchings, Kevin R. Howard, Zach Koscilek, Michael Miller, Michael Oliverio, Anthony J. Perez, Mike Roediger, David Rutherford, Travis Rutherford, Fabiano Vivacqua, Jr., and Rob Woodard.
[2] The other moving claimants include Damon Copeland and George Stavros.
[3] While the various motions to dismiss are brought by different claimants, the arguments are essentially identical. Indeed, with the exception of Claimant Forman's Motion to Dismiss, the briefings are identical.

(Attachment A) at ¶ 2.[4] On January 24, 2014, the United States of America filed a complaint against the defendant vehicles. *See* Complaint for Forfeiture *In Rem* [DE-1]. Two subsequent amendments to the complaint have resulted in the SAC [DE-9], which is the subject of the present motions to dismiss. The allegations of the SAC, which the court must accept as true for purposes of this motion, show the following.

When motor vehicles are imported to the United States, they are subject to a number of safety and environmental requirements. *See* Declaration [DE-9] at ¶ 12. However, Congress has passed certain exemptions from these requirements. *Id.* at ¶ 13. Specifically, vehicles that are more than twenty-one years old when imported are not subject to Environmental Protection Agency ("EPA") regulations, and vehicles more than twenty-five years old when imported are not subject to United States Department of Transportation ("DOT") safety compliance requirements. *Id.* "The age of the imported vehicle is determined by subtracting the calendar date of manufacture from the calendar date of importation." *Id.* "If the calendar date of manufacture is unavailable, the importer may substitute the calendar date the vehicle was first sold or a registration document showing that the vehicle was registered at least 25 years ago." *Id.*

When a vehicle enters the United States, the importer must submit an EPA form to the Customs and Border Protection ("CBP"). *Id.* at ¶ 14. If the vehicle is at least twenty-one years old, the importer may declare Code E on the form, which states, "Vehicles at least twenty one years old . . . and in original unmodified configuration [are] either exempted or excluded from EPA emission requirements . . . ." *Id.* Similarly, the importer must also submit DOT form HS-7. *Id.* at ¶ 15. On this form, an importer may check box 1 to claim that the vehicle is at least 25 years old, and thus exempt from DOT safety requirements. *Id.*

---

[4] Hereinafter, the court will refer to the Second Amended Complaint as the "SAC," and to Attachment A as the "Declaration."

On September 7, 2012, Aaron Richardet was presented with two Land Rovers to be imported at the port of Wilmington, North Carolina. *See id.* at ¶ 8. Mr. Richardet is a sales agent for Patterson Auto Sales, a North Carolina retail vehicle dealership and registered importer. *Id.* at ¶¶ 16-17. According to entry documents submitted by Mr. Richardet's brokers, the vehicles were a 1983 and a 1986 Defender 110 Land Rover vehicles. *Id.* at ¶ 8. However, during an initial inspection of the vehicles, a CBP Officer noted that certain vehicle features were inconsistent with the manufacturing year stated on the entry documents. *Id.* The CBP forwarded photographs and other information to the DOT, which in turn consulted with Land Rover North America. *Id.* at ¶ 9. Land Rover North America determined that the vehicles were not in their original factory condition and that there were various discrepancies between what the entry papers claimed the vehicles to be and what the features actually showed the vehicles to be. *Id.* For example, the engine of the first vehicle was manufactured sometime between 1997 and 2007 (and could not be retrofitted onto a 1986 chassis, which was the year stated by the entry papers), and the chassis of the first vehicle was built in 2006. *Id.* Similarly, the second vehicle, which according to its entry papers was a 1983 model Land Rover, had a rear axle box from a 2004 model Land Rover and a chassis that was built in 2006. *Id.*

On or about October 25, 2012, the CBP sent a list of 110 VIN numbers—all for vehicles imported by Patterson Auto Sales and Richardet through the Wilmington seaport—to John Kobylarz, a safety compliance manager for Jaguar Land Rover North America. *Id.* at ¶ 19. The list included inquiries to Land Rover North America, asking it "to identify the date of production of the vehicle, engine number and type, transmission number, model number and year, rear axle number, transfer box number, original color of vehicle, country where manufactured, and the country to which the vehicle was first delivered." *Id.* CBP submitted three additional questions

3

regarding each vehicle: (a) whether the vehicle "was manufactured to comply with all applicable federal motor vehicle safety standards (FMVSS) of the United States;" (b) whether the original manufacturer had affixed a label to the vehicle certifying compliance with all applicable FMVSS; and (c) whether the vehicle "was manufactured to comply with U.S. emissions standards." *Id.*

On or about January 23, 2013, Kobylarz returned the list with the requested information. *Id.* at ¶ 20. With that information, CBP determined that of the vehicles listed, fifty-one of the vehicles "were not eligible to be imported into the United States under the 25 year rule because the production date of the vehicle and the importation date were less than 25 years." *Id.* Furthermore, "[a]ccording to Jaguar Land Rover North America, none of the 110 vehicles were manufactured to comply with the applicable FMVSS standards of the United States, . . . nor did the vehicles comply with U.S. emissions standards." *Id.* Thus, while fifty-one vehicles had been imported under the twenty-five year rule, those fifty-one vehicles (1) were instead less than twenty-five years old at the time they were imported, and (2) did not comply with the requirements of vehicles less than twenty-five years old (the DOT requirements) or less than twenty-one years old (the EPA requirements). The government has brought this action for forfeiture of the seized vehicles. The claimants have moved to dismiss.

## II. LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94

4

(2007); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Iqbal*, 556 U.S. at 678. Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180. The court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" when deciding a Rule 12(b)(6) motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A complaint in a forfeiture action must further "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." *See* Fed. R. Civ. P. Supplemental Admiralty and Maritime Claims Rule G(2)(f). Indeed, the standard imposed is "somewhat more exacting than the liberal notice pleading standard contemplated by Rule 8(a)(2)." *See United States v. One Gulfstream G-V Jet Aircraft*, 941 F. Supp. 2d 1, 14 (D.D.C. 2013). However, "[a]t the pleading stage, it suffices for the government to simply allege enough facts so that the claimant may understand the theory of forfeiture, file a responsive pleading, and undertake an adequate investigation." *Id.* (citing *United States v. Mondragon*, 313 F.3d 862, 864 (4th Cir. 2002)). In other respects, a motion to dismiss a complaint for forfeiture *in rem* follows the standards under Rule 12(b)(6). *One Gulfstream*, 941 F. Supp. 2d at 14.

## III. DISCUSSION

The Claimants raise a number of reasons why the SAC should be dismissed. These grounds include (1) the statute of limitations bars the present action; (2) the complaint fails to meet the pleading standards set out in *Twombly*; (3) the complaint lacks probable cause; and (4) the complaint is moot because the vehicles are now in compliance with the applicable statutes.[5] For the reasons contained herein, all of these arguments fail.

### a. Statute of Limitations

Claimants contend that the government's complaint is barred by the statute of limitations found in 19 U.S.C. § 1621. That statute reads, in relevant part,

> [n]o suit or action to recover . . . [for] forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered, or in the case of forfeiture, within 2 years after the time when the involvement of the property in the alleged offense was discovered, *whichever was later* . . . .

*Id.* (emphasis added). While the claimants argue that only a two-year limitation applies, the plain language of the statute indicates that the government may institute a forfeiture action within either the two-year or five-year statute of limitations, whichever is later. Thus, if the five-year statute of limitations yields a later deadline for filing suit, that deadline will apply instead of the two-year statute of limitations. *See, e.g., United States v. Kivanc*, 714 F.3d 782, 789 (4th Cir. 2013) (applying the five-year statute of limitations to a civil forfeiture action). "Courts apply a known or should-have-known standard to Section 1621, meaning that 'an offense is discovered when the [g]overnment discovers or possesses the means to discover the alleged wrong,

---

[5] Claimant Forman, in his motion to dismiss, directly raises only the statute of limitations and *Twombly* arguments, but "incorporates all of the bases for Motions to Dismiss that have been filed on behalf of other claimants and vehicles in this matter." *See* Memorandum of Law in Support of Claimant Adam S. Forman's Motion to Dismiss [DE-54] at 10.

whichever occurs first.'" *Kivanc*, 714 F.3d at 789 (alteration in original) (quoting *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 502 (6th Cir. 1998)).

The claimants argue that the government possessed the means to discover the alleged wrong as soon as the Land Rover vehicles were first imported (the first being imported on September 11, 2009). *See* Mem. Supp. Claimants' Mot. Dismiss [DE-46] at 10; *see also* Declaration [DE-9] at ¶ 12. The claimants further argue that the two-year statute of limitations bars the present lawsuit. Mem. Supp. Claimants' Mot. Dismiss [DE-46] at 10. These arguments fail.

First, as noted above, a five-year statute of limitations will apply if it provides a greater window in which to bring suit. Even if the court assumes, *arguendo*, that the government possessed the means to discover the alleged wrong as soon as the first Land Rover vehicle at issue was imported on September 11, 2009, the government filed its complaint on January 24, 2014, well within five years of the first imported vehicle's arrival.

Second, the case cited by the claimants in favor of their position instead undermines their argument. *See United States v. Shabahang Persian Carpets, Ltd.*, 926 F. Supp. 123, 124-26 (E.D. Wis. 1996). Nowhere in its analysis does the *Shabahang* court mention the date of importation as starting the statute of limitations clock. Instead, the *Shabahang* court noted that the clock began to run on the date the government *knew* that two illegal carpets had been sent to employees of Shabahang. *Id.* at 126. In the present case, the government had no knowledge that the Land Rover vehicles were being illegally imported until September 7, 2012, when a CBP officer noticed the two vehicles that had features inconsistent with the manufacturing year stated on their entry papers. *See* Declaration [DE-9] at ¶¶ 7-9. Using that date, the government filed its

7

complaint not only within the five-year statute of limitations, but even within a two-year statute of limitations. The statute of limitations does not bar the present suit.

### b. Pleading Standards of *Twombly*

The claimants argue that the SAC fails to meet the pleading standards set forth in *Twombly*. *See* Mem. Supp. Claimants' Mot. Dismiss [DE-46] at 12-13. The claimants also argue that Rule G(2)(f) imposes a more stringent pleading standard than Rule 8. *Id.*

While it is true that the standard imposed by Rule G(2)(f) is "somewhat more exacting than the liberal notice pleading standard contemplated by Rule 8(a)(2)," the requirements of Rule G(2)(f) are satisfied where the government alleges "enough facts so that the claimant may understand the theory of forfeiture, file a responsive pleading, and undertake an adequate investigation." *See One Gulfstream*, 941 F. Supp. 2d at 14. Indeed, by the Rule's own terms a complaint in a forfeiture action must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supplemental Admiralty and Maritime Claims Rule G(2)(f).

The SAC meets the requirements of Rule G(2)(f). As the government correctly asserts, "the Government need not show *any* EPA violations, provided that the vehicles were under 25 years of age at the time of importation and, thus, subject to motor vehicle regulations, regulations that were not complied with in that the vehicles were not manufactured to North American standards." *See* Memorandum of Law in Support of Cross-Motion for Summary Judgment and in Opposition to Motions to Dismiss [DE-64] at 34 (emphasis in original). The government has stated sufficiently detailed facts to support a reasonable belief that it will be able to show this at trial. The SAC lays out the age of the vehicles upon importation, every one of which is less than twenty-five years old. Moreover, the government has pled facts showing both (1) that none of the

vehicles complied with applicable FMVSS regulations, and (2) that none of the vehicles "compl[ied] with U.S. emissions standards." Declaration [DE-9] at ¶ 20. Indeed, the SAC asserts that Jaguar Land Rover North America has already confirmed to CBP that the vehicles do not comply with FMVSS or EPA regulations. *See id.* While the statements contained in the SAC and declaration may not enumerate every one of the vehicles' non-conformities, they do meet the requirements of both *Twombly* and Rule G(2)(f).

### c. Probable Cause

Under 19 U.S.C. § 1595a, the court makes a probable cause determination before the case goes to a jury. *United States v. 323 Quintales of Green Coffee Beans*, 21 F. Supp. 3d 122, 132 (D.P.R. 2013). "To meet this burden, the government must demonstrate a reasonable ground for its belief the property is subject to forfeiture, 'supported by less than prima facie proof, but more than mere suspicion.'" *Id.* (quoting *United States v. $250,000 in U.S. Currency*, 808 F.2d 895, 897 (1st Cir. 1987)).

Here, the claimants argue that the government has "provided the Court with insufficient, incorrect, and otherwise untrue information." *See* Mem. Supp. Claimants' Mot. Dismiss [DE-46] at 17. The claimants assert that the SAC never specifically alleges "how or why each vehicle[] is non-conforming" and that the information included in the declaration and the SAC is "incorrect, inconsistent and untrue in many different respects." *Id.* These arguments miss the mark. The information provided in the SAC is sufficient and the court has no reason to doubt it.[6]

---

[6] The government argues that the email referenced by the claimants represents pragmatic concerns, not an admission of false information that would undermine the probable cause supporting the SAC. *See* Mem. Opp. Mot. Dismiss [DE-64] at 35 n.15; *see also* Mem. Supp. Claimants' Mot. Dismiss [DE-46] (Exhibit A). The court agrees. The email states that, unlike the remaining vehicles, the returned vehicles were "more than 25 years from production at the time of import," meaning that the government would not merely be able to show that the vehicles were less than twenty-five years old in order to prevail. *See* Mem. Supp. Claimants' Mot. Dismiss [DE-46] (Exhibit A). The email also states that the "EPA is not interested in devoting resources to further pursuing the matter," even though the EPA

9

The government has met its burden to demonstrate a reasonable ground for its belief that the property is subject to forfeiture. Looking to the SAC and the Declaration, the government shows that CBP determined that fifty-one of the vehicles imported by Richardet and Patterson Auto Sales "were not eligible to be imported into the United States under the 25 year rule because the production date of the vehicle and the importation date were less than 25 years." Declaration [DE-9] at ¶ 20. Moreover, Jaguar Land Rover North America told CBP that "none of the 110 vehicles were manufactured to comply with the applicable FMVSS standards of the United States, . . . nor did the vehicles comply with U.S. emissions standards." *Id.* The CBP's findings and Jaguar Land Rover North America's statements provide "more than mere suspicion" that the vehicles were subject to forfeiture. Indeed, those assertions begin to approach the prima facie proof end of the probable cause spectrum. The arrest warrant *in rem* is supported by probable cause.[7]

### d. Mootness

"A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S.Ct. 2277, 2287 (2012) (internal quotation marks omitted). "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* (alteration in original) (quoting *Ellis v. Bhd. of Ry., Airline, & S.S. Clerks*, 466 U.S. 435, 442 (1984)).

The claimants argue that, because the defendant vehicles have "surpassed 25 years in age as required by the FMVSS regulation . . . they are no longer in violation." *See* Mem. Supp. Claimants' Mot. Dismiss [DE-46] at 20. This argument fails. The applicable statute, 19 U.S.C.

---

"believe[s] that the engines on the vehicles are likely non-compliant with EPA guidelines." *Id.* The decision to release those vehicles appears to be one motivated by scarcity of resources, nothing more.

[7] Because the court finds that probable cause supported the arrest warrant, the court also finds that the government has not violated the claimants' rights under the Fourth Amendment.

10

§ 1595a(c)(2)(A), states that "[t]he merchandise may be seized and forfeited if . . . its importation or entry is subject to any restriction or prohibition which is imposed by law relating to health, safety, or conservation and the merchandise is not in compliance with the applicable rule, regulation, or statute." *Id.* The plain language of the statute is clear. If a vehicle is imported but is non-conforming and does not fall within an exception, the vehicle may be seized and forfeited. The statute does not accommodate vehicles that later "come into compliance" due to the passage of time.

Indeed, if the court were to accept the claimants' reasoning, a brand new foreign vehicle that is not in compliance with the relevant FMVSS and EPA regulations could (1) come into the United States, (2) be seized by CBP, (3) sit around in a compound for twenty-five years, and then (4) suddenly qualify for the FMVSS and EPA time exceptions. This reasoning, if accepted, would encourage the illegal importation of non-conforming, non-excepted vehicles in the hopes that CBP or other authorities would be unable to discover the violations until after the vehicles had reached twenty-five years of age. The government has an interest in deterring such activity. The statute does not support the claimants' reasoning and the court does not accept it. The issue is not moot.

## IV. CONCLUSION

For the foregoing reasons, the various motions to dismiss [DE-46, -53, -68, -79, -96] are DENIED. The Clerk of Court is DIRECTED to continue management of this case.

SO ORDERED. This, the 31st day of March, 2015.

JAMES C. FOX
Senior United States District Judge

11