IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-34-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LAND ROVER VEHICLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the government's Motion to Stay Discovery [DE-107]. For the reasons stated herein, the motion is DENIED.

I. **BACKGROUND**

This matter arises out of the seizure of around fifty Land Rover motor vehicles after their alleged illegal importation. *See* Second Amended Complaint for Forfeiture *In Rem* [DE-9] (Attachment A) at ¶ 2. The court recently addressed the facts of this case in its Order of March 31, 2015 [DE-99]. However, more relevant to the present motion is the procedural history of this case, which the court now reviews.

On September 22, 2014, the government filed a Cross-Motion for Summary Judgment [DE-62]. The claimants filed responses in opposition to the government's motion [DE-73, -74, -84, -103]. The last of the responses was filed on April 16, 2015.

On November 10, 2014, the claimants filed a Joint Motion for Entry of Scheduling Order [DE-91]. The claimants withdrew the motion on April 20, 2015 [DE-110]. Under the withdrawn proposed scheduling order, discovery would have ended on April 15, 2015. *See* Scheduling

Order & Case Management Plan [DE-91-1] at 1. To date, however, no scheduling order has been entered in this case.

On April 14, 2015, one day before what would have been the proposed discovery deadline, the claimants served deposition notices on three government employees. The present Motion to Stay Discovery [DE-107], followed less than a week later. In the motion to stay discovery, the government argues that discovery should be stayed until the court determines the motion for summary judgment.

## II. DISCUSSION

Courts have discretion to issue a protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion. *See Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003). Factors weighing in favor of a stay include (1) the potential for the dispositive motion to terminate all claims; (2) strong support on the merits for the dispositive motion; and (3) the irrelevancy of discovery to determining the dispositive motion. *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008). A discovery stay "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Lone v. State Collection Serv.*, No. 7:13-CV-247-BR, 2014 WL 349380, at *2 (E.D.N.C. Jan. 31, 2014) (internal quotation marks and citation omitted). However, courts should not stay discovery where discovery is still necessary to gather facts to defend against a dispositive motion. *Tilley*, 270 F. Supp. 2d at 734.

Here, the government argues that "[i]f the information sought [by the subpoenas] is critical to the defense against the Government's motion for summary judgment, the claimants neither sought such information prior to responding to the motion nor in the several months

which have elapsed since their response was filed." *See* Memorandum of Law in Support of Motion to Stay Discovery [DE-108] at 3. The government contends that the only facts at issue in this case are (1) the date each of the vehicles was manufactured; (2) the date each vehicle was imported; and (3) whether the vehicle complied with the relevant regulations at the time of importation. *Id.*

The claimants counter that "[e]ach of [the subpoena targets] has knowledge and information that is relevant and discoverable . . . and Claimants have a right to question them regarding the truth and veracity of their statements." *See* Claimants' Response in Opposition of Plaintiff's Motion to Stay Discovery [DE-116] at 2. As to whether the information will help the claimants defend against the pending motion for summary judgment, the claimants in their motion state only that "a significant number of relevant facts remain unsettled in the case." *Id.* However, in reviewing the various claimant responses opposing the government's motion for summary judgment, the claimants consistently assert that the motion for summary judgment should be denied because they have not been able to conduct sufficient discovery. The claimants have also highlighted instances where the government misidentified some of the defendant vehicles, including the misidentification of one of the vehicles that prompted the investigation leading to the present matter. Furthermore, a document attached to the claimants' motion to dismiss raises the question of how vehicle modification might affect the legality of the vehicles' importation. *See* Claimants' Motion to Dismiss or, Alternatively, Motion for Partial Summary Judgment [DE-46] at 45-46 ("Exhibit B") ("[U]nder the scheme you outline, the 1967-75 Land Rover with a different body and unmodified chassis could be imported without the need to conform it to the FMVSS.").

The claimants' filings have raised potential issues, specifically regarding (1) the misidentification of some of the defendant vehicles, and (2) the question of vehicle modification and how that might affect the legality of the vehicles' importation. While the claimants have not expeditiously pursued discovery, the court finds that they have shown that further discovery may better illuminate the question of summary judgment. To this end, the parties are ORDERED to file a proposed joint scheduling order within fourteen (14) days entry of this order. United States Magistrate Judge Robert B. Jones, Jr., will review the proposal and enter a scheduling order.

The scheduling order should address only how much time is necessary to conduct discovery limited to the issues identified by the claimants in their memorandum opposing summary judgment. *See* Memorandum of Law in Opposition to Plaintiff's Cross-Motion for Summary Judgment [DE-103] at 12-13. The claimants shall have thirty (30) days from the close of the limited discovery window to supplement their responses to the government's motion for summary judgment. The government shall then have fifteen (15) days from the filing of the claimants' supplements to supplement its reply.

### III. CONCLUSION

For the foregoing reasons, the government's Motion to Stay Discovery [DE-107] is DENIED. The parties are ORDERED to file a proposed joint scheduling order within fourteen (14) days of entry of this order. The Clerk of Court is DIRECTED to refer the parties' proposal to United States Magistrate Judge Robert B. Jones, Jr., for his consideration and entry of a scheduling order. The claimants shall have thirty (30) days from the close of discovery to supplement their responses to the government's motion for summary judgment. The government shall then have fifteen (15) days from the filing of the claimants' supplements to supplement its reply.

SO ORDERED.

This, the 5'th day of May, 2015.

_____
JAMES C. FOX
Senior United States District Judge